Filed 4/29/25  P. v. Lewis CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082976 |
| v. | (Super.Ct.No. RIF099009) |
| DEMOND ODELL LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,

Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J.

Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Demond Odell Lewis appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1]  Almost two decades earlier, as directed by this court on remand following defendant's direct appeal of his underlying conviction (*People v. Lewis* (July 9, 2004, E033480) [nonpub. opn.] (*Lewis*)), the trial court struck two prison prior enhancements (§ 667.5, subd. (b)) that had been imposed but stayed at defendant's original sentencing hearing.  Because those enhancements were stricken, the trial court did not err in denying defendant resentencing under section 1172.75.  We therefore affirm the trial court's order, with one correction.  On remand, we direct the trial court to issue an amended abstract of judgment to reflect that the trial court struck the prison prior enhancements on December 3, 2004.

## BACKGROUND

In February 2003, a jury found defendant guilty of attempted murder (§§ 187, subd. (a), 664; count 1), assault with a deadly weapon (§ 245, subd. (a)(2); count 2), and possession of a firearm (former § 12021, subd. (a)(1); count 3).  The jury found a gang-benefit allegation (§ 186.22, subd. (b)) true as to all three counts, as well as firearm use (§§ 12022.5, subd. (a), 12022.53, subd. (d)) and great bodily injury (§ 12022.7, subd. (a)) allegations on counts 1 and 2.  In bifurcated proceedings, the court found defendant had two prison prior convictions (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667, subd. (a)), and two prior strike convictions (§§ 667, subds. (c) & (e)(1), 1170.12,

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

subd. (c)(1)).  At sentencing, the court imposed an indeterminate term of 95 years to life in state prison, consecutive to a 14-year determinate term.  The court imposed one-year terms for each of defendant's two prison priors, but stayed their execution.

Defendant appealed his conviction and sentence and, in pertinent part, this court ordered the prison priors stricken, as follows:  "The People concede that the trial court should have stricken the one-year prior prison term enhancements, rather than merely staying them.  (See *People v. Jones* (1993) 5 Cal.4th 1142, 1153 . . . [when same prior conviction is used to support prior serious felony enhancement and prior prison term enhancement, the lesser enhancement should be stricken].)  This error can be corrected on remand."  (*Lewis*, *supra*, E033480.)

On remand, the trial court in December 2004 struck the prison priors as this court instructed:  "Matter having been returned on a Remittitur from the Court of Appeal[] as to Priors 1 and 2 667.5(b) PC.  [¶]  Court orders Prior(s) 1 2 Stricken."  The record in the present appeal does not suggest the trial court issued an amended abstract of judgment after striking the prison priors.

In December 2023, the trial court considered defendant's eligibility for recall of his sentence and resentencing under section 1172.75 and found he was ineligible.

Defendant's case was one of dozens considered together that day by stipulation of the parties, pursuant to which the court operated under the assumption that each defendant's "one-year prior state prison enhancement(s) had been 'stayed.' "

In reaching the conclusion defendant was ineligible for relief, the court noted expressly that it considered several recently decided cases: *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted March 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*); *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; and *People v. Renteria* (2023) 96 Cal.App.5th 1276.

Defendant's petition was not heard or reported separately, but the parties stipulated to incorporate into defendant's court file the reporter's transcript and other relevant documents from the lead case heard that day. In that case, the defendant's original sentencing court had stayed execution of his penalty enhancement or enhancements imposed under section 667.5, subdivision (b). The trial court inquired of the defendant's attorney: "Do you believe that the Legislature intended this statute [i.e., § 1172.75] to apply to someone for whom a Complaint or Information included a prison prior that was either stricken or dismissed at the time of the pronouncement of judgment?" The attorney answered, "No."

In denying the defendant resentencing relief under section 1172.75, as it likewise did for defendant here, the trial court concluded the Legislature intended resentencing relief for enhancements imposed for prison priors to extend *only* to "anyone . . . serving time on them." The court reiterated later in the hearing that "what the Legislature was after" in enacting section 1172.75 was to provide a recall and resentencing mechanism for inmates "serving additional time based on the[ir] prison priors."

# DISCUSSION

Defendant argues he is entitled to resentencing relief under section 1172.75 because the trial court at his original sentencing imposed enhancements for the prison prior allegations the court found to be true. Defendant argues we should deem the enhancements to have remained stayed up to the date the court considered his resentencing petition, though this court previously ordered them stricken and the trial court did so. In the alternative, defendant argues lenity requires construing the trial court's ruling on remittitur to have amounted to striking only the punishment for his two prison priors, "and not the enhancements themselves." (All caps. omitted.) Regardless, defendant argues that whether viewed as stayed or his punishment only stricken, section 1172.75 extends to either scenario. We conclude none of defendant's various arguments afford him relief.

At the time of defendant's conviction and sentencing, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Subsequently, section 1172.75 now provides, with an exception that is not applicable here: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid."

(§ 1172.75, subd. (a).[2])  Disagreement over what constitutes "imposed" within the meaning of the statute has divided the Courts of Appeal, as we discuss briefly below.

Section 1172.75 further provides, as pertinent here, for recall and resentencing if the superior court in which the defendant was sentenced "determines that the [defendant's] current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c); see *id.*, subd. (b) [specifying sentencing court as recall and resentencing venue].)  Additionally, the statute specifies that for defendants eligible for recall and resentencing, their resentencing "shall result in," "*as a result of the elimination of the repealed enhancement,*" "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1), italics added.[3])

Here, it is clear under the terms of section 1172.75 that defendant is ineligible for resentencing because his prison prior enhancements were stricken.  The statute provides a conditional trigger for recall and resentencing, as follows:  "*If* the court determines that the *current* judgment includes an enhancement described in subdivision (a)," namely, any section 667.5, subdivision (b), prison prior enhancement "imposed prior to January 1,

---

[2]  The exception specifies that only prior prison enhancements "for a prior conviction for a sexually violent offense" remain valid.  (§ 1172.75, subd. (a).)

[3]  This subdivision, without our italics, quotation marks, and ellipses inserted for clarity, provides in full:  "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

2020," provided it was not for a sexually violent offense, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c), italics added.) As noted, this court ordered defendant's two one-year prison prior enhancements stricken. (*Lewis*, *supra*, D033480.) With those enhancements removed, nothing in his "current judgment" would qualify defendant for recall of his sentence and resentencing under the statute.

Defendant's alternative arguments are unavailing. Without deciding, but to give full consideration to defendant's claims, even assuming for the sake of argument that his prison priors remained stayed in some undefined sense, or akin to being stayed, or deeming only the punishment on defendant's prison priors to have been stricken rather than the priors altogether: none of these suppositions aid defendant. Simply put, we agree with *Rhodius*, *supra*, 97 Cal.App.5th 38 that the critical term "imposed" in subdivision (a) of section 1172.75 must be interpreted as shorthand for " ' "impose[d] and execut[ed]." ' " (*Rhodius*, at p. 43; see *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 [recognizing "the word 'impose[d]' " refers "often" to "enhancements that are 'imposed and then executed' "].) *Rhodius* reached this conclusion to make sense of codified language the Legislature chose in enacting the statute, but, similarly, uncodified provisions equally chosen in the statute's preamble require the same conclusion.

Of particular note in the statute's codified provisions, *Rhodius* examined the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a *lesser* sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (*Rhodius*, at p. 43, italics added.) Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the

7

enhancement to have been imposed and executed," *Rhodius* concluded that applying section 1172.75 to a stayed prior prison term would require a resentencing court to "arbitrarily lower" the defendant's sentence in a way unrelated to the enhancement in order to comply with the statute's "lesser sentence" requirement. (*Rhodius*, at p. 44.) Because the Legislature presumably must not have intended arbitrary sentence reductions to meet this requirement, *Rhodius* held section 1172.75 must be interpreted to apply only to prior prison enhancement terms that were imposed and executed. (*Rhodius*, at p. 44.)

Similarly, in the uncodified preamble to the statute, the Legislature stated its intent expressly in a way incompatible with relief for stayed or stricken prison priors: "it is the intent of the Legislature to retroactively apply [new limitations on prior prison term enhancements] to all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics added.) A defendant who had his or her punishment on a prior prison enhancement stayed or stricken at sentencing is not serving a term of incarceration in jail or prison for that enhancement, so the Legislature manifestly did not intend to provide retroactive relief to those defendants.

Other appellate panels—one before *Rhodius* and the others relying on *Christianson* after *Rhodius* was decided—have held that section 1172.75 applies to prior prison term enhancements that were imposed but stayed. (See *People v. Renteria, supra,* 96 Cal.App.5th 1276; see also *Christianson, supra,* 97 Cal.App.5th 300; *Saldana, supra,* 97 Cal.App.5th 1270; *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*),

review granted Aug. 14, 2024, S285853.)  All of these decisions since, and including *Rhodius*, remain under review, as the high court considers the issue.

In brief, *Christianson*, *Saldana*, and *Mayberry* disagreed with *Rhodius* because they viewed striking a stayed enhancement upon resentencing as resulting in a "lesser" sentence in compliance with section 1172.75, subdivision (d)(1).  As *Christianson* explained, this view is grounded in a stayed enhancement's "potential for an increased sentence" because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.)  Under this interpretation, striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk that the enhancement will be executed in the future.  (*Ibid*.; see also *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

We do not agree with this rationale.  It does not account for the uncodified preamble to section 1172.75 stating the Legislature's contrary intent.  Likewise, the codified language requiring a lesser sentence is better reconciled with an actual reduction in "time served" as the enactment's goal, as reflected throughout section 1172.75's legislative history.  (See *Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48 [identifying numerous such instances].)  *Rhodius* summarized that history as follows:  "The findings, costs, and ramifications of Senate Bill 136 and Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5(b).  The references to financial and familial burdens do

9

not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5(b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Rhodius*, at pp. 48-49; see also *id.* at p. 47 [the foregoing history reflects "a clear presupposition by the Legislature of an imposed and executed sentence"].)

Nor does viewing defendant's stricken prison priors as merely having been stripped of punitive effect gain anything for defendant, under *Rhodius* or even under *Christianson*. Contrary to *Rhodius*, if punishment on defendant's prison priors is deemed stricken, the trial court would have to arbitrarily lower his sentence in some other manner to comply with the statute's "lesser sentence" requirement. (§ 1172.75, subd. (d)(1).) But this would violate the statute's directive that, at a minimum, a "lesser sentence than the one originally imposed" must occur "*as a result of* the elimination of the repealed enhancement." (*Ibid.*, italics added.) That cannot happen even in the risk-avoiding sense *Christianson* contemplated if punishment on the prison priors has already been stricken.

Defendant next points to the decision by a divided panel in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted Oct. 23, 2024, S286987. The majority in *Espino* saw no reason to distinguish between prison prior enhancements that were imposed but stayed and those that were imposed but the punishment struck. (*Id*. at p. 193 ["section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].) Ostensibly, this

10

supports defendant's position because enhancements were imposed on his prison priors at his original sentencing, though later stricken at our direction.

The dissent in *Espino*, however, found the "additive character of the term of imprisonment . . . integral to imposition of a sentence enhancement," such that "when the law otherwise prescribes an additional term of imprisonment, a trial court that elects to strike that additional term of imprisonment has not imposed it—not even conditionally, as would be the case when a court elects to stay the additional term." (*Espino*, *supra*, 104 Cal.App.5th at p. 203 (dis. opn. of Lie, J.).) The dissent also echoes *Rhodius*'s concern that the Legislature presumably did not intend to force resentencing courts to arbitrarily lower sentences, noting that "eliminating an enhancement for which the court had already stricken the punishment" does not, by itself, result in a lesser sentence. (*Espino*, at p. 203, fn. 2 (dis. opn. of Lie, J.).) The majority opinion does not address these issues, which contravene both *Rhodius*'s and *Christianson*'s analyses of section 1172.75. On balance, we find the *Espino* dissent more persuasive than the majority opinion.

For all of these reasons, the trial court did not err in finding defendant ineligible for recall of his sentence and resentencing under section 1172.75.

**DISPOSITION**

The trial court's order is affirmed, with one correction for the record.  On remand, the court is directed to issue an amended abstract of judgment to reflect that the trial court struck defendant's prison prior enhancements on December 3, 2004.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER _____
J.


We concur:


McKINSTER _____
Acting P. J.


MENETREZ _____
J.

12